FILED 01 APR '26 16:02 USDC-ORP

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

**Charlie Yancey IV, Reg. No. 80571-065**
Petitioner,

v.

**Warden, FCI Sheridan,**
Respondent.

**Case No. 3:26-cv-00541-AR**

# EMERGENCY MOTION TO STAY TRANSFER AND FOR TEMPORARY RESTRAINING ORDER

Petitioner, Charlie Yancey IV, proceeding pro se due to the immediate and time-sensitive nature of the relief requested, respectfully moves this Court for an emergency order staying his transfer from FCI Sheridan and for a temporary restraining order preventing the Bureau of Prisons from transferring him outside this District while his Petition for Writ of Habeas Corpus remains pending.

## I. EMERGENCY RELIEF REQUESTED

Petitioner has been informed that he is being imminently transferred from FCI Sheridan, Oregon to another facility outside this District, believed to be located in Victorville, California. This transfer is expected to occur immediately, including as early as tonight.

Petitioner respectfully requests that this Court enter an immediate order staying any transfer pending resolution of his habeas petition and related motions.

## II. BACKGROUND

Petitioner has a pending Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 before this Court challenging the execution of his sentence, including the Bureau of Prisons' failure to properly calculate and apply earned time credits under the First Step Act.

This Court has already granted expedited consideration of Petitioner's claims.

Petitioner was previously placed in prerelease custody at a Residential Reentry Center beginning in approximately September 2025. On December 30, 2025, Petitioner was removed from that placement following an incident report. The disciplinary charge was subsequently reduced to a Code 305 violation, a moderate, non-violent infraction.

Despite this reduction, Petitioner has not been returned to prerelease custody and remains incarcerated. Even under the Bureau of Prisons' current calculations, Petitioner is projected for prerelease placement or home confinement in early May 2026, placing him within weeks of release.

## III. GROUNDS FOR RELIEF

### A. Transfer Would Interfere with This Court's Jurisdiction

This Court has jurisdiction over Petitioner's custodian in this District. Transfer of Petitioner outside the District risks disrupting this Court's jurisdiction and the orderly resolution of the pending habeas petition.

### B. Irreparable Harm

Petitioner will suffer irreparable harm if transferred. A transfer to a distant facility will:

- Disrupt communication;
- Delay access to legal materials;
- Interfere with the expedited proceedings already ordered by this Court; and
- Potentially delay or frustrate the relief sought in this action.

## C. Likelihood of Success on the Merits

Petitioner has raised substantial claims regarding the Bureau of Prisons' failure to properly apply earned time credits, resulting in unlawful overdetention. The Court has already recognized the urgency of these claims by granting expedited review.

## D. Balance of Equities and Public Interest

The balance of equities strongly favors maintaining Petitioner's placement within this District. Petitioner is nearing release, and there is no legitimate penological justification for transferring him at this stage while his case is under expedited judicial review.

Maintaining the status quo serves the public interest by preserving judicial efficiency and ensuring meaningful review of Petitioner's claims.

## E. Timing of Transfer Raises Serious Concern

The timing of Petitioner's sudden transfer, occurring immediately after the filing of his habeas petition and during expedited proceedings, raises serious concern that the transfer will interfere with this Court's ability to adjudicate the matter and Petitioner's ability to obtain meaningful relief.

Regardless of intent, the effect of the transfer would be to disrupt ongoing judicial review and impose unnecessary hardship on Petitioner at a critical stage of these proceedings.

## IV. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:

(1) Issue an immediate order staying Petitioner's transfer from FCI Sheridan;
(2) Enter a temporary restraining order prohibiting Respondent from transferring Petitioner outside this District while this case is pending; and
(3) Grant any further relief the Court deems just and proper.

Respectfully submitted,

**Charlie Yancey IV**

**Reg. No. 80571-065**

Petitioner, Pro Se

FCI Sheridan

P.O. Box 6000

Sheridan, Oregon 97378

Date: 4/1/26

Courtesy Copies:

A courtesy copy of this Motion has been provided to:

Carissa Hartung

21330 SE Firwood Road

Sandy, Oregon 97055

Petitioner respectfully requests that the Court mail copies of any orders, judgments, or notices in this case to the above address for Carissa Hartung, on behalf of the Petitioner.